UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re James D. Paulsen,<br>  Debtor.<br>───────────────────<br>McHenry Savings Bank,<br>  Plaintiff,<br>v.<br>James D. Paulsen,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankruptcy Case 19-82505<br><br>Chapter 7<br><br><br><br><br>Adversary No. 20-96006<br><br><br>Judge Thomas M. Lynch |

## MEMORANDUM OPINION

McHenry Savings Bank seeks through its adversary complaint to deny the Debtor a discharge pursuant to section 727(a)(2)(A) of the Bankruptcy Code. The Bank's action involves the transfer of the Debtor and his spouse's interests in their residence into a trust with the beneficial interests held by them both as tenants by the entirety. The Bank alleges that the Debtor did so "with the sole intent of avoiding payment of his debt to Plaintiff, which was his only existing debt at the time." (Comp. ¶ 34.) The Debtor now moves to dismiss the adversary complaint under Bankruptcy Rule 4004(a) and Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012(b)). In the pending motion, Mr. Paulsen raises two arguments for dismissal: that the adversary complaint is untimely and that it fails to state a claim upon which relief can be granted with sufficient particularity. (ECF No. 5.)

For the following reasons, Mr. Paulsen's motion will be denied.

Pleading and the Procedural Background

The adversary complaint and the court's docket disclose the following.

On October 29, 2019, the Debtor filed his petition for relief under chapter 7. The Bank's adversary complaint alleges that Mr. Paulsen and his non-filing spouse previously owned their personal residence located at 5110 N. Ridgeway Road, Ringwood, Illinois (the "Home") as joint tenants with the right of survivorship. According to the complaint, on January 25, 2019, less than one year before the bankruptcy petition date, Mr. and Ms. Paulson transferred their interests in the Home into a trust with the beneficial interest held by them both as tenants by the entirety by signing and having recorded a Deed in Trust. (Comp. ¶¶ 12, 14, 16.) As noted above, the Bank alleges that the Debtor's sole intent was to avoid payment of his debt to the Bank. (Comp. ¶ 34.)

It is alleged that before the transfer the Bank had commenced a lawsuit against the Debtor in McHenry County to recover on a $345,000 loan to the Debtor. A motion for default was pending against the Debtor at the time of the transfer. (Comp. ¶¶ 8, 10.) When he applied for the loan, Paulsen held himself out to the Bank as owning the Home in joint tenancy with his spouse, stating as much on a personal financial statement signed on April 21, 2011, and that the property was owned free and clear of all mortgages and encumbrances. (Comp. ¶ 13.) It is further alleged that at the time of the transfer the Debtor's only other significant asset was a commercial property worth $100,000. (Comp. ¶¶ 25, 27.) According to the Bank, because the Debtor's spouse is not jointly liable on the debt, the Debtor's transfer of his joint interest prevents the Bank from collecting on the full amount then owed by the Debtor, $348,531.15.

On February 21, 2020, the Bank commenced this adversary proceeding by filing its Complaint Objecting to Discharge of Debt Under 11 U.S.C. § 727(c).[1] The parties are not at issue.

---

[1] As of the present date, no discharge has entered. In the bankruptcy case, the case trustee timely moved to extend the time to object to discharge on February 6, 2020. (Case No. 19-82505, ECF No. 37.)

2

Instead, on March 11, the Debtor filed the pending motion, citing only Bankruptcy Rules 4004(a) and 7012 and Rule 12(b)(6) to request the dismissal of the adversary complaint for "failure to timely file . . . and for failure to state a claim upon which relief can be granted." (Mot. at 1.)

Discussion

1. Timeliness.

Bankruptcy Rule 4004(a) provides that in "a chapter 7 case, a complaint … objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). Rule 4004(b) permits the court to extend that time on request of a party in interest after notice and hearing, but only "for cause" and only if the motion is "filed before the time has expired." Fed. R. Bankr. P. 4004(b)(1).[2] Under Bankruptcy Rule 9006(b)(3), the "court may enlarge the time for taking action under [Rule] 4004(a) … only to the extent and under the conditions stated in [that rule.]" Fed. R. Bankr. P. 9006(b)(3). Determining that "Rule 4004 is not 'jurisdictional,'" the Supreme Court has found that "a debtor forfeits the right to rely on Rule 4004 if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge." *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004). Instead, the Court refers to Rule 4004 as a "claim-processing rule," serving "three primary purposes": (1) to "inform the pleader … of the time he has to file a complaint," (2) to "instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements," and (3) to "afford the debtor an affirmative defense to a complaint filed

---

The court granted the trustee's motion on March 2, 2020, and extended the time allowed the trustee and the United States trustee to April 10, 2020. (Case No. 19-82505, ECF No. 44.) The bankruptcy case remains open.

[2] Bankruptcy Rule 4004(b)(2) provides a limited exception to subsection (b)(1), authorizing extension on motion filed after expiration, but only if "(A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection." Fed. R. Bankr. P. 4004(b)(2). The complaint does not rely on any basis for revocation under section 727(d), the Plaintiff has not alleged any newly discovered facts, and in any event has not moved to extend the deadline under Rule 4004(a).

3

outside the Rules 4004(a) and (b) limits." *Id.* at 456. As the Plaintiff has not sought enlargement, this matter, like *Kontrick*, "involves the third office of the Rules." *Id.* However, unlike in *Kontrick*, the Debtor here raises an affirmative defense.

*Kontrick* "involve[d] no issue of equitable tolling or any other equity-based exception" to Rule 4004. *Id.* at 457. Therefore, the Court found that it did not need to reach the question of whether "the Rules, despite their strict limitations, could be softened on equitable grounds." *Id.* In *Disch v. Rasmussen*, the Seventh Circuit found that Rules 7015 and 9024 provide authority to permit a plaintiff's amendment of a section 523 complaint to add grounds objecting to discharge under section 727 even after Rule 4004's bar date had passed, and to vacate the discharge which had entered. 417 F.3d 769 (7th Cir. 2005). The court noted that Rule 15 permitted both amendment and relation back, and held that "allowing [a] § 727 claim to relate back to the date of the complaint is proper so long as it was sufficiently linked to the claims raised there." *Id.* at 776. At least some courts have applied equitable tolling to the deadline established by Rule 4004 and the similar deadline for section 523 actions set in Rule 4007. *See, e.g., Deere & Co. v. Grabowski (In re Grabowski)*, 2016 Bankr. LEXIS 2015 (Bankr. S.D. Ill. May 16, 2016) (citing cases). *But see In re Borczyk*, 458 B.R. 468, 472 (Bankr. N.D. Ill. 2011) ("[W]here the Code and Rules express a clear limitation on the time to object to discharge, that limitation cannot be overridden using the equitable powers of § 105."). When applicable, equitable tolling "may be justified when the party invoking the doctrine has pursued his rights diligently. *See In re Grabowski*, 2016 Bankr. LEXIS 2015, *8 (Bankr. S.D. Ill. May 16, 2016) (doctrine applied where "extraordinary circumstance stood in his way and prevented timely filing.")). The doctrine is ordinarily applied "on a limited, fact-specific basis." *Id.*

That equitable exceptions to Rule 4004 rely on specific facts highlights why the issue is

not appropriate for a motion brought under Rule 12(b)(6). A "Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.,* 2020 U.S. App. LEXIS 24663 (7th Cir. Aug. 5, 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Generally, at "the 12(b)(6) stage" the court is "confined to [the] complaint," including copies "of any written instrument which is an exhibit" to the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). The Seventh Circuit has held on numerous occasions that "[w]ith a narrow and pragmatic exception for a plaintiff who has pleaded herself out of court, the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion." *Gunn,* 2020 U.S. App. LEXIS 24663 at *10 (citing *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019); *Burton v. Ghosh*, 961 F.3d 960, 964-65 (7th Cir. 2020) (collecting cases). "Observing the distinction is necessary to allocate correctly the burdens of pleading and proof, and serves an important notice function." *Id.* (internal citations omitted). This is true for statutes of limitations as well as other affirmative defenses. "A plaintiff is not required to plead around potential affirmative defenses, such as the statute of limitations, and so Rule 12(b)(6) is generally not the appropriate vehicle for raising untimeliness. *Sanders v. St. Joseph Cnty.*, 806 Fed. Appx. 481, 484-485 (7th Cir. Mar. 31, 2020) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)).

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses such as the statute of limitations." *Sidney Hillman Health Ctr. v. Abbott Labs, Inc.,* 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009). Mr. Paulsen cannot argue that this is a case where the plaintiff "pleads himself out of court. . . .

5

[because] the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 613-14 (7th Cir. 2014)). No information from which the Rule 4004 bar date can be determined, much less any surrounding circumstances which may or may not justify an equitable defense, are plead or incorporated by reference in the adversary complaint. Therefore, the motion to dismiss the complaint as untimely must be denied without prejudice.

   2. Failure To State A Claim Upon Which Relief Can Be Granted.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 356 (7th Cir. Feb. 5, 2020) (quoting Fed. R. Civ. P. 8). It must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (internal citation omitted). The court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Johnson v. Enhanced Recovery Co.*, 961 F.3d 975, 980 (7th Cir. June 9, 2020) (*citing Heredia v. Cap. Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019)). But for a Rule 12(b)(6) motion, the court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Brotherhood of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. Jan. 13, 2020).

Nevertheless, even after the Supreme Court's holdings in *Iqbal* and in *Twombly*, our system

remains one of "notice pleading, [requiring only] facts sufficient to put defendants on notice of the claims against them." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. June 1, 2020). "[T]he federal courts require notice pleading, not fact pleading complete with all the minutiae. A complaint need only provide notice of a plausible claim; there is no rule requiring parties to plead legal theories or elements of a case." *Id.* (quoting *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019)).

Here, McHenry Savings Bank includes sufficient allegations in its adversary complaint to state a claim under section 727(a)(2)(A) of the Bankruptcy Code. To deny a discharge under that provision, the plaintiff must show:

> (1) that the act complained of was done at a time subsequent to one year before the date of the filing of the petition; (2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code; (3) that the act was that of the debtor or his duly authorized agent; (4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done.

*Layng v. Urbonas* (*In re Urbonas*), 539 B.R. 533, 555-556 (Bankr. N.D. Ill. 2015) (citing *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 791 (7th Cir. 2002)).

Elements (1), (3) and (4) are contained in the complaint, which alleges that the Debtor transferred property of the Debtor subsequent to one year before the date of the filing of the petition. The Plaintiff alleges that the Debtor filed his petition on October 29, 2019 (Comp. ¶ 18) and that on January 19, 2019, the Debtor and his non-filing spouse signed a trust agreement by which the trust was formed to take title to their Home, making each beneficiaries of the trust as tenants by the entirety. (Comp. ¶ 14, Ex. 9.) The complaint also alleges that on January 25, 2019, the Debtor recorded a deed in trust, signed by the Debtor and his non-filing spouse on January 19, 2019, by which they conveyed the Home to the Paulsen Family Trust dated January 19, 2019. (Comp. ¶ 16, Ex. 10.) These factual allegations must be taken as true for purposes of a motion to

dismiss. *Johnson*, 961 F.3d at 980. In sum, the allegations are clear. There is no confusion about when any purported transfer occurred, what was transferred or by whom. The allegations are also plausible, both on their face and as supported by purported copies of the documents evidencing such transfer attached to the complaint.

During oral argument the Debtor suggested that there was no "transfer" of his interest in the Home, because he was a joint owner of the Home with his spouse both before and after the retitling. The Debtor's argument is of no avail for several reasons. It ignores the general rule that it is not appropriate to present new arguments or legal theories to the court in reply and that such arguments are deemed waived. *Miller v. United States*, 2019 U.S. Dist. LEXIS 18658, *14 (C.D. Ill. February 6, 2019) (citing *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012); *Hernandez v. Cook Cnty. Sheriff's Off.*, 634 F.3d 906, 913 (7th Cir. 2011); *United States v. Foster*, 652 F.3d 776 n.5 (7th Cir. 2001)). Even were this properly raised, the argument ignores the pleaded facts that his ownership interest was transferred to a trust, and that his interest changed from a direct ownership interest to a beneficial interest in a trust. The Seventh Circuit has rejected the argument that a "transfer" requires assets to become "beyond the reach of the creditors or outside the jurisdiction of the bankruptcy court." *In re Smiley*, 864 F.2d 562, 565 (7th Cir. 1989) ("[W]e find that the narrow definition for 'transfer' relied upon by the *Liller* court can no longer be the law since the Bankruptcy Reform Act took effect."). Instead, the "Bankruptcy Code defines 'transfer' broadly, as including 'each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property.'" *Off. Comm. of Unsecured Creditors of Great Lakes Quick Lube LP v. T.D. Invs. I, LLP* (*In re Great Lakes Quick Lube LP*), 816 F.3d 482, 485 (7th Cir. 2016) (quoting 11 U.S.C. § 101(54), and finding termination of a lease to be a "transfer"). Additionally, proof of harm is not needed to support an action under

section 727(a)(2). *Urbonas*, 539 B.R. at 555-556 (citing *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 791 (7th Cir. 2002)). Accordingly, the court finds that the Plaintiff has properly alleged a transfer of assets by the Debtor within one year before his bankruptcy petition.

That leaves us with the Debtor's primary argument, in his words, that while the "gist of Plaintiff's complaint seeks to claim fraud on the basis of the Debtor lawfully ordering his property interests to claim a lawful right to exemption," its pleading fails to satisfy Fed. R. Civ. P. 9(b)'s heightened standard of particularity. (Mot., ECF No. 5, 3-4.) The Debtor does not contend that the complaint is unclear as to the event upon which the action is based – the Debtor's transfer of his interest in the Home in January 2019. Instead, he argues that the complaint does not specifically allege the Debtor's "actual and fraudulent intent" and instead "appears to rely upon an inference to be drawn from the spousal relationship." (Mot. 4.) During oral argument the Debtor also referenced Illinois state court decisions to assert that the Plaintiff must show that the "sole intent" of the transfer was to defraud creditors and that the Plaintiff, as a pleading burden, must exclude all other possible reasons for the transfer.

There are several problems with the Debtor's argument. First, interpretation of section 727(a)(2)(A) is a matter of federal Bankruptcy law, not state law. A state court's ruling on the intent standard for a claim under Illinois' Uniform Fraudulent Transfer Act is not relevant to an action under section 727(a)(2)(A) of the Bankruptcy Code. As the bankruptcy court explained in *Fifth Third Bank v. Williams (In re Williams)*, "[w]hether the Bank can state a claim under section 727(a)(2)(A) therefore depends purely on federal law. The 'sole intent' requirement under Illinois law is irrelevant." 2011 Bankr. LEXIS 794, *18, 2011 WL 883922 (Bankr. N.D. Ill. Mar. 11, 2011).

Second, contrary to the Debtor's suggestion as to what constitutes the "gist" of the

9

adversary complaint, a claim under section 727(a)(2)(A) can arise under more than just fraud. That section expressly provides for "intent to hinder, delay, or defraud a creditor or an officer of the estate" in its terms. 11 U.S.C. § 727(a)(2)(A). Similar to section 523(a)(2)(A) of the Bankruptcy Code, this phrasing employs the disjunctive "or" to list three separate possible grounds. *See e.g. Aeschliman v. Vraney (In re Vraney),* 2020 Bankr. LEXIS 980, \*24-\*26 (Bankr. N.D. Ill. March 31, 2020) (discussing the separate and distinct nature of section 523(a)(2)(A) claims for false pretenses, false representations or actual fraud). Interpreting that provision of section 523(a)(2)(A) in *Husky Int'l Elecs., Inc. v. Ritz*, the Supreme Court rejected the Debtor's argument that the phrase requires a court "to ignore what [was argued to be] Congress' 'imprudent use of the word "or,"'" and read the final item in the list to modify and limit the others." 136 S. Ct. 1581, 1590 (2016).

Here, too, a showing of intent to hinder or delay is sufficient without showing fraud. For example, even though the Court of Appeals found in *In re Smiley* that it was "not clear that [the debtor] intended to defraud his creditors" by "tak[ing] advantage of legal exemptions," it nevertheless affirmed the bankruptcy court's denial of discharge, finding that "it is at least a reasonable inference to draw from his behavior that he intended to hinder and delay them." 864 F.2d 562, 568 (7th Cir. 1989). In this case, the Bank has alleged that the "Debtor transferred his Home from joint tenancy with his wife to tenancy by the entirety with the intent to hinder, delay and defraud Plaintiff as a creditor." (Comp. ¶ 33.) Its complaint further alleges facts to suggest the plausibility of such intent. The Plaintiff states that the property was transferred after the Bank sued the Debtor and shortly after it filed a motion for default (Comp. ¶¶8-10), and that at the time its debt was the Debtor's sole or primary liability. (Comp. ¶17.) The complaint further alleges that the property was the Debtor's most valuable unencumbered asset and the transfer changed the ownership from what was represented in the April 21, 2011 financial statement the Debtor had

provided the Bank for its initial loan. Drawing the required reasonable inferences in favor of the non-movant, it is reasonable to infer that the transfer to the trust was spurred by the Plaintiff's litigation against the Debtor and intended to at least hinder or delay its efforts to collect its debt.

To the extent the Bank's pleading can be found to rely upon intent to defraud, it satisfies Rule 9(b). The rule states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b) (incorporated by Fed. R. Bankr. P. 7009). This "means as a practical matter that she must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). The adversary complaint identifies with specificity that the Debtor, together with his wife and counsel, transferred the couple's interest in their Home to a trust between January 19 and January 25, 2019, by having drafted and signed a trust agreement and deed in trust and recording that deed in trust with the McHenry County Recorder on January 25, 2019. The Debtor seems to take issue with the specificity with which the Plaintiff alleges fraudulent intent by arguing that the complaint must further show why the acts were not motivated by non-fraudulent intent. This argument, however, ignores Rule 9(b)'s express provision that intent "may be alleged generally." Fed. R. Civ. P. 9(b).

As discussed above, the Plaintiff alleged sufficient circumstantial evidence such as the timing of the transfer in connection with its litigation efforts to make the allegation of intent plausible for purposes of a Rule 12(b)(6) motion. Accordingly, the motion to dismiss will be denied.

## Conclusion

The motion of the Defendant, James D. Paulsen, to dismiss the adversary complaint of

McHenry State Bank is denied. A separate order will be entered to give effect to this determination.

September 1, 2020

                                         ENTER

                                         _____
                                         Thomas M. Lynch
                                         United States Bankruptcy Judge