UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case 19-82505 |
| James D. Paulsen, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| McHenry Savings Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 20-96006 |
| | ) | |
| James D. Paulsen, | ) | |
| | ) | |
| Defendant. | ) | Judge Lynch |

## MEMORANDUM OPINION

In a chapter 7 case, a complaint "objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). On October 29, 2019, James D. Paulsen, the Debtor, filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code. On the eve of the originally scheduled meeting of creditors, the Chapter 7 Trustee resigned from the case (Case no. 19-bk-82505, ECF No. 20) and the creditors meeting was re-noticed for January 7, 2020. (ECF No. 26.) The Plaintiff, McHenry Savings Bank, filed this adversary objecting to the Debtor's discharge on February 21, 2020.

In the pending motion, the Debtor argues that this action is untimely under Rule 4004(a) and requests a judgment on the pleadings under Rule 12(c) of the

Federal Rules of Civil Procedure (as incorporated by Fed. R. Bankr. P. 7012). (Case no. 20-ap-96006, ECF No. 36.)

For the following reasons, the Defendant's motion will be granted.

## I. PROCEDURAL BACKGROUND

This is the Debtor's second effort to defeat McHenry Savings Bank's objection to his discharge. On September 1, 2020, the court entered a memorandum opinion explaining the reasons it denied the Debtor's motion to dismiss the Plaintiff's complaint under Rule 12(b)(6). (ECF No. 30.) The court found that the complaint stated a claim for relief. It rejected the Debtor's Bankruptcy Rule 4004 argument raised in the Rule 12(b)(6) motion because a "plaintiff is not required to plead around potential affirmative defenses, such as the statute of limitations, and so Rule 12(b)(6) is generally not the appropriate vehicle for raising untimeliness." *Sanders v. St. Joseph Cty.*, 806 F. App'x 481, 484-85 (7th Cir. 2020) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)).

Following the denial of his Rule 12(b)(6) motion, the Debtor answered the complaint. (ECF No. 34.) On the same day, he also filed this motion for judgment on the pleadings. (ECF No. 36.) The Debtor included in his Answer what he styles as his "Statement of Affirmative Defense[:] Statute of Limitations." (ECF No. 34.) The affirmative defense references the bankruptcy docket to assert that the "first date set for the Section 341(a) meeting of creditors was December 10, 2019." (*Id.*) Attached to the pleading is a copy of the Official Form 309A Notice of Chapter 7 Bankruptcy Case Certificate of Notice that discloses the name and address of the Debtor as well as contact information for his bankruptcy attorney and the Chapter 7 Trustee first

2 of 11

appointed to the case, Mr. Natale. Box 9 of the Official Form 309A, titled "Deadlines," includes the following:

| 9. Deadlines | File by the deadline to object to discharge or to challenge whether certain debts are dischargeable: | Filing deadline: 2/10/20 |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727 (a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C. §523(a)(2), (4), or (6). | |

(*Id.*, Ex. A.) The accompanying Certificate of Notice states that the Form was sent to McHenry Savings Bank c/o its attorneys on November 1, 2019. (*Id.*)

In its response, the Bank argues first that its complaint was timely filed because the meeting of creditors did not take place on December 10 as indicated in the Official Form 309A Notice. (ECF No. 42 at 2-3.) Instead, following Mr. Natale's resignation, a new case trustee, Mr. Olsen, was appointed and the section 341 meeting took place on January 27, 2020.[1] Accordingly, the Bank argues, the complaint was filed less than 30 days after the first date when the section 341

---

[1] The Bank further alleges here that with Mr. Natale's resignation, the original date for the meeting "was also vacated and voided." However, it offers no support for any characterization of the status of the December meeting beyond that it was re-scheduled to begin on the January date.

meeting was "held" and was therefore timely. (*Id.*) The Bank next argues that the bar date set by the rule is "not determinative" but may be subject to equitable defenses "such as equitable tolling." However, it does not suggest any grounds for the suggested equitable defenses and argues here only that such issues are "a factual issue that cannot be determined under Rule 12(c)." (*Id.* at 3-4.) It concludes with a request that it be permitted discovery which might develop evidence of an equitable defense.

## II. JURISDICTION

Discharge is a right that is expressly created by title 11 and would have no existence if not created by the Bankruptcy Code. Thus, proceedings on an objection to a debtor's discharge arise in a case under title 11. *See Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) ("Congress authorized bankruptcy courts to adjudicate, *inter alia*, objections to discharge."). This court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(J) in which this court has constitutional authority to enter final orders. *See, e.g.*, *In re Yotis*, 521 B.R. 625, 631 (Bankr. N.D. Ill. 2014) (noting that discharge "'stems from the bankruptcy itself,' and may constitutionally be decided by a bankruptcy judge" (citing *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011))).

## III. DISCUSSION

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The Seventh Circuit has noted generally and in dicta that "the appropriate vehicle for resolving an

affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion." *See, e.g., Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. Aug. 5, 2020) (citing *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019)). Although the Debtor previously raised his argument in a Rule 12(b)(6) motion to dismiss, which the court denied for the reasons set forth in its memorandum opinion, he now has filed an answer and an affirmative defense and seeks judgment in his favor under Rule 12(c) on the basis of untimeliness.

In its response, the Bank argues for an interpretation of Bankruptcy Rule 4004(a)(1) that does not comport with the clear language of the rule. Rule 4004 states in pertinent part:

> **(a) Time for Objecting to Discharge; Notice of Time Fixed.**
> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4004(a). The rule further provides:

> **(b) Extension of Time.**
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b).

The Plaintiff references the bankruptcy docket to note that the originally appointed trustee filed his letter of resignation on December 9, 2019, the day before the date first set for the meeting of creditors. On the same day notice was filed that the 341 meeting was reset to January 27, 2020. Notably, however, nothing in that "renotice" resets or restates any deadlines, including the deadline to object to discharge. (Case no. 19-bk-82505, ECF No. 21.) The docket indicates that the U.S. Trustee filed a letter of appointment of a new Chapter 7 Trustee on December 12, 2019, and on December 13, 2019, another notice was filed to reset the section 341 meeting to January 7, 2020. (ECF No. 25.) That renotice, too, makes no mention of or reference to any change to deadlines.

The Plaintiff refers to a 1985 bankruptcy case and a 1986 district court decision to argue that because the 341 meeting in this case was not actually held until January 7, 2020, the sixty-day period did not expire until at least March 7, 2020, fifteen days after it filed its complaint. *In re Keefe*, 48 B.R. 717 (Bankr. S.D. 1985); *Allegheny Intern. Credit Corp. v. Bowman*, 60 B.R. 423 (S.D. Tex. 1986). This authority is not persuasive. Neither of the cases cited are from within this circuit, the reasoning of each is based on language in rules that subsequently changed, and the two cases involved a different Bankruptcy Rule from the rule at issue here.

Both cases involved interpretation of Bankruptcy Rule 4007(c) which governs the deadline to file a complaint seeking determination of the dischargeability of a particular debt under section 523(c). To be sure Rule 4007(c) is similar to Rule 4004, but both rules were amended in 1999. At the time the cited opinions were written, both rules tied the respective deadlines to 60 days after the first date set for the

section 341 meeting, described as "the meeting of creditors held pursuant to § 341(a)."[2] The 1999 amendment deleted the term "held" to refer only to "the meeting of creditors under § 341." In the words of the 1999 Advisory Committee Notes, the amendment "clarif[ies] that, in a chapter 7 case" the deadline "is 60 days after the first date set for the meeting of creditors, whether or not the meeting is held on that date. The time for filing the complaint is not affected by any delay in the commencement or conclusion of the meeting of creditors." Fed. R. Bankr. P. 4004 advisory committee's note to 1999 amendment. *See also, e.g., In re Bressler*, 600 B.R. 739, 744 (Bankr. S.D.N.Y. 2019).

The South Dakota bankruptcy court noted that it is at the section 341 meeting when creditors have the opportunity to question the debtor and determine whether there are grounds to object to discharge. 48 B.R. at 718-19. The court expressed concern that if "the sixty-day period to begin on [the date first set for the meeting] even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed." *Id.* at 719. Based on that, the court concluded that the bar date "shall begin to run from the first date when a Section 341 meeting of creditors, at which the debtor appears, is held." *Id.*

In *Allegheny Int'l Credit Corp. v. Bowman*, the Texas district court cited and essentially adopted the reasoning from *Keefe*. 60 B.R. at 424. The Texas court

---

[2] "Before 1999, Bankruptcy Rules 4004 and 4007 provided that the deadline was 'no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).'" *In re Bressler*, 600 B.R. 739, 744 (Bankr. S.D.N.Y. 2019).

acknowledged that other courts had strictly "interpreted Rule 4007(c) to require that complaints be filed within sixty days of the date set for the creditors' meeting even if the meeting actually takes place later." *Id.* (citing *In re Leroy*, 55 B.R. 666, 668 (Bankr. D. Nev. 1985)).  However, the court found in the "purposes and policies to be served by" the meeting of creditors "compelling reasons to adopt [a] flexible approach" to the deadline. *Id.*  Specifically, it found the purpose of the section 341 meeting was to "give creditors and the trustees an opportunity to examine the debtor in respect to the debtor's acts, conduct, or property, or in respect to any other matter that may affect the administration of the estate or the debtor's right to a discharge." *Id.* at 425.  From that it reasoned the 60-day deadline is necessary to provide "creditors time to obtain further information and to pursue disclosures made at the meeting before having to" file a complaint. *Id.*

Neither court considered the fact that basing the deadline on the first date set provides certainty as to the deadline. *See, e.g., Bressler*, 600 B.R. at 744 (citing 9 COLLIER ON BANKRUPTCY ¶ 4007.04 (16th ed. 2019)).  Applying the rule as written leaves no uncertainty as to whether the notice of meeting of creditors specifies the applicable deadline. At the same time, the ability to request extension of the deadline prior to expiration in Rule 4004(b) provides the necessary safeguard for creditors who believe that they need additional time to gather sufficient information to decide whether they will object to discharge.

Notably, where the drafters intended to base a deadline on the completion of the meeting of creditors they have so stated explicitly elsewhere in the Rules.  For example, Rule 4003(b) sets the deadline for objecting to a debtor's claim of exemptions

to "30 days after the meeting of creditors held under § 341(a) is concluded." This court must reject as inconsistent with the plain language of Rule 4004 the Plaintiff's argument that the 60-day deadline for filing a complaint objecting to discharge runs from anything other than what the rule prescribes: "the first date set for the meeting of creditors." *See also, e.g., Torrez v. Dickinson (In re Dickinson)*, 2000 U.S. App. LEXIS 30139, *5-6 (10th Cir. Nov. 29, 2000) (joining what it characterized as the "overwhelming majority of courts" that "have held that the sixty-day limitations period in Rule 4007(c) runs from the date first set for the § 341 creditors' meeting, regardless of when the meeting was actually held"); *In re Lewis*, 71 B.R. 633, 635 (Bankr. N.D. Ill. 1987) ("The deadline date stands, whether or not the § 341 meeting is actually held."). Accordingly, with the material facts pleaded on this issue not being in dispute, this court must find that the complaint was filed after the deadline set by Rule 4004.

Next, the Bank argues that it may be able to demonstrate an equitable exception to the deadline in Rule 4004(a)(1), speculating without elaboration that through discovery it might be able to identify facts to support such contention. As this court noted in its September 1, 2020 opinion, the Supreme Court has held that Rule 4004 is a "claim-processing rule" and is not "jurisdictional," and that at least some courts have recognized that equitable exceptions may apply to its application. (Case no. 20-ap-96006, ECF No. 30 at 3 (citing *Kontrick*, 540 U.S. at 447, 456). The problem with the Plaintiff's argument, however, is its failure to supply any factual allegation to support the application of such exception in this case. In its response to the motion, for example, the Plaintiff offers no explanation for why it did not file its

complaint sooner or seek the extension permitted under Rule 4004(b) before the expiration of the deadline.  Indeed, the Bank does not furnish any explanation why equitable tolling, or any other equitable defense, might apply.  Instead, it simply contends that "Plaintiff should be permitted to develop evidence during discovery as to any equitable defenses to Debtor's affirmative defense that the Adversary Complaint is barred as untimely under Rule 4004." (ECF No. 42.)

The Plaintiff was given additional opportunity to articulate any potential equitable defenses it may have to the motion at the hearing on November 18, 2020.  It has offered in response only nonspecific speculation and the suggestion that it needs discovery to identify any equitable defense it may have.

Such request superficially resembles a request by a party responding to a request for discovery under Rule 56 where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a summary judgment motion."  Under those circumstances, a court has the discretion to defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d).  But here the Plaintiff does not specify any reason whatsoever for its supposed inability to even allege facts to support an equitable defense, much less identify a pertinent allegation in the pleadings or offer a supporting affidavit.  This is not to say that Rule 56(d) applies to the pending Rule 12(c) motion.  Rather, the court notes this to emphasize that it is not enough to defeat a motion by just saying "I need discovery."  Although for purposes of a Rule 12(c) motion the court must draw "all reasonable inferences and facts in favor of the non-movant," the court

"need not accept legal assertions, 'sheer speculation, bald assertions, [or] unsupported conclusory statements.'" *Juarez v. Experian Info. Sols., Inc.,* 2020 U.S. Dist. LEXIS 158560, *5 (N.D. Ill. Aug. 31, 2020) (quoting *Buchanan-Moore v. Cty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). In this case, not unlike that considered by the district court in *Ralford v. E.B.N. Enterprises, Inc.*, "[t]hough [the Plaintiff] seeks to avoid dismissal on the [*Micawber*-like] premise that 'something may turn up' in discovery that would evidence [facts] that would render his claim timely, that speculative argument cannot save the day." No. 01 C 9393, 2002 WL 1397002, at *1 (N.D. Ill. June 26, 2002).

## IV. CONCLUSION

The docket demonstrating that the Complaint was untimely filed as alleged by the Defendant's affirmative defense, and the Plaintiff having offered no valid legal theory or specific and non-speculative factual allegations supporting a defense or exception, the court finds that judgment on the pleadings is warranted. Accordingly, the motion will be granted, and the court will enter judgment in favor of the Defendant. A separate order will be entered to give effect to this determination.

DATE: December 22, 2020

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge